# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERMFX, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> OBAGI MEDICAL PRODUCTS, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. SACV15-01999-JVS-DFMx <br> Hon. Magistrate Douglas F. McCormick <br><br> **[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |

Pursuant to the Parties' Stipulation, **IT IS ORDERED** as follows:

## STIPULATED PROTECTIVE ORDER

1.  **Method of Designation.** Any documents, materials, tangible things, items, testimony or other information filed with the Court, or produced or provided in connection with this litigation by any party ("**Producing Party**" or "**Designating Party**") to another party ("**Receiving Party**"), may be designated as "Confidential Information" or

2

"Confidential – Attorneys' Eyes Only Information."  The Designated Party shall designate such information ("**Designated Material**") as follows:

A.     For documents, by placing the notation **"Confidential"** or **"Highly Confidential – Attorneys' Eyes Only"** on every page of each document or portion thereof containing Confidential or Highly Confidential – Attorneys' Eyes Only Information. In the case of Confidential or Highly Confidential – Attorneys' Eyes Only Information produced in a form other than paper or an electronic image that allows for the affixation of a designation on the document, itself (e.g., a .pdf or .tiff), the appropriate notation shall be affixed to the outside of the medium, its container, or a cover or transmittal sheet so as to clearly give notice of the designation.

B.     For deposition testimony, by identifying which portions of the testimony are designated Confidential or Highly Confidential – Attorneys' Eyes Only within 30 days after receiving a final copy of the deposition transcript. Any testimony not designated within 30 days following receipt of the transcript will be deemed not to include Confidential or Highly Confidential – Attorneys' Eyes Only Information. Prior to the expiration of 30 days following receipt of the transcript for any particular deposition, the transcript and all testimony presented at that deposition shall be considered Highly Confidential – Attorneys' Eyes Only.

2.     **Restrictions on Disclosure of Confidential Information.** "**Confidential Information**" shall mean and refer to any information that has not been made public and is or contains confidential information, including without limitation, technical, research, development, private, financial, or commercial information of the Designating Party.  The designation made by a party or non-party shall be a certification to the other parties that such information is believed in good faith to be confidential within the meaning of this Protective Order.

Material properly designated as containing Confidential Information may be disclosed only to the following persons:

3

i.      Outside counsel to any party to the litigation and those employees of the parties' counsel who need to see such Confidential Information in order to perform their jobs, including the paralegals, clerical staff, secretarial staff, and other support personnel employed or otherwise hired by such counsel;

ii.      One in-house attorney for Defendant, who is not involved in commercial decision making related to any products at issue in this dispute, who is a member of good standing of one or more state bars, who is directly involved in supervising outside counsel in this case, and who has complied with paragraph 4, below;

iii.      Officers or employees of the parties to this litigation, who are reasonably necessary to assist counsel in this litigation;

iv.      Any persons who appear on the face of the Confidential Information as an author, addressee or prior recipient thereof;

v.      Expert witnesses or consultants retained or employed by the parties or their respective attorneys solely for the purpose of assisting counsel in the prosecution, defense or settlement of this Action who have complied with paragraph 4, below, and the employees of such experts or consultants who are assisting them;

vi.      The United States District Court for the Central District of California and its personnel, the United States Court of Appeals for the Ninth Circuit and its personnel, and any other court of competent jurisdiction having involvement in this matter and its personnel.

vii.      Court reporters, stenographers, and video reporters/videographers who are retained to transcribe or videotape testimony, including depositions, in the action;

viii.      Any designated arbitrator who is assigned to hear and adjudicate the above-captioned Action, or any mediator who is assigned to mediate the above-captioned Action or consulted by agreement of the parties in any attempt to settle this matter, and any of their respective personnel;

4

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

ix.     Witnesses at any deposition or other proceeding in this action, wherein for purposes of the witnesses' testimony it is necessary to show Confidential Information to the witness during the course of their testimony and the witness being advised of the need to keep the records confidential and agreeing to comply with paragraph 4 below; and/or

x.     Any other person to whom the parties agree in writing.

3.     **Restrictions on Disclosure of Highly Confidential – Attorneys' Eyes Only Information.** "**Confidential – Attorneys' Eyes Only Information**" shall mean and refer to any Designated Material that is or contains highly confidential information, including without limitation financial, commercial, proprietary, marketing or technical information (including, but not limited to, detailed nonpublic financial information), or trade secret information (as defined in California Civil Code § 3426.1), the disclosure of which, to persons other than those described in Paragraph 1(e) below, the Designating Party in good faith believes to be so highly sensitive that disclosure to persons other than limited and specified individuals could cause undue risk of substantial and immediate injury to the business of the producing party.  The designation made by a disclosing party or non-party shall be a certification the other parties that such information is believed to be highly sensitive Confidential Information and subject to this more restrictive classification within the meaning of this Protective Order.

Material properly designated as containing Highly Confidential – Attorneys' Eyes Only Information may be disclosed only to the individuals listed in Paragraph 2(d)(i)–(ii) and (iv)–(ix) above.

4.     **Written Undertaking Required for Certain Receiving Parties.** Prior to receiving information designated as Confidential Information or Confidential – Attorneys' Eyes Only Information, all persons identified in Paragraph 2(d), subparagraphs (ii), (v), (ix) or (x), shall be provided with a copy of the Protective Order and shall sign a Written Undertaking of the form attached here as **Exhibit A**.  The original of the executed written assurance shall remain in the possession of the attorney who makes the disclosure of the

5

Confidential Information or the Confidential – Attorneys' Eyes Only Information until the parties agree in writing to the contrary.

5. **No Effect on Privacy/Confidentiality Rights.** The production of any material or information during discovery in this action shall be without prejudice to any claim that such is privileged as a trade secret or confidential and proprietary business information, or protected by the right of privacy, and no party shall be held to have waived these privileges or right by such production.

6. **Inadvertent Failure to Designate.** Inadvertent failure to designate material as "Confidential Information" or "Confidential" – For Attorneys' Eyes Only Information" under this Order shall not operate as waiver of the Party's right to subsequently designate such material as "Confidential Information" or "Confidential – For Attorneys' Eyes Only Information." A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction promptly after becoming aware of such error. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall return to the Producing Party or destroy all copies of such undesignated documents.

7. **Limitations on Use of Designated Material.** Absent a specific order by this Court, Designated Material shall be used by a Receiving Party solely for purposes of this litigation, and not for any other litigation, business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided under this Protective Order. Notwithstanding the foregoing, nothing in this Protective Order shall prevent or limit the ability of either party to disclose Confidential Information or Confidential – Attorneys' Eyes Only Information lawfully obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information or Confidential – Attorneys' Eyes Only Information to any person as it deems appropriate.

6

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

8.      **Inadvertent Disclosure.** If information designated pursuant to the Protective Order is inadvertently disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for such disclosure, upon learning of the same, must immediately take reasonable steps to prevent further such inadvertent disclosures.

9.      **Disclosure of Designated Material to Third Parties Pursuant to Subpoena.** If any Party or their counsel is served with a subpoena requiring production of any Confidential Information or Confidential – Attorneys' Eyes Only Information such Party shall send via email, within five (5) business days, a copy of the subpoena to the attorney for the Producing Party.  The Parties agree that the Producing Party shall have five (5) business days from receipt of the email within which to file a motion objecting to the subpoena or to seek other relief after receiving the notice referred to above.  If a motion objecting to the subpoena is timely filed, the subpoenaed Party shall not produce the material until after the court rules on such motion, unless required to do so pursuant to court order (other than the subpoena itself) or other applicable law.

10.     **Filing of Designated Materials.** When briefs, memoranda or other documents or things containing Confidential Information or Confidential – Attorneys' Eyes Only Information are filed with the Court, the parties shall follow the procedure stated in L.R. 79-5.2 and the Court's Guide to Electronically Filing Under-Seal Documents in Civil Cases, referenced therein. Should any document(s) containing Confidential Information or Confidential – Attorneys' Eyes Only Information be inadvertently filed without the designation referred to in paragraph 1, the Party filing the document(s) shall, upon discovering the error or upon written notification of the error, promptly ask the Court to allow it to withdraw the documents, and will then follow the procedures required by this paragraph.

11.     **Challenges to Designations**. Agreement to this protective order is not a consent or admission as to the actual confidentiality of any material.  Should any party desire to challenge the designation of any material or information as Confidential

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

Information or Confidential – Attorneys' Eyes Only Information, such party may challenge the designation as follows:

   A. A Receiving Party seeking to challenge a confidentiality designation must send a written request to the Designating Party clearly and specifically identifying the documents sought to be de-designated and the basis for the de-designation.  The parties must then endeavor to meet and confer in good faith about the de-designation within the next fourteen (14) days.

   B. If the Designating Party does not engage in the meet and confer within that time period, or if the meet and confer does not resolve the issue, the Receiving Party may file a motion seeking de-classification of the Designated Material.

   C. The Court, upon notice to the parties and upon a showing of good cause, may at any time order removal of the Confidential or Confidential – Attorneys' Eyes Only designation from any materials or information.  However, until any such order is issued by the Court, the material or information must continue to be treated as Confidential or Confidential – Attorneys' Eyes Only according to its designation.  In all instances, the ultimate burden of persuasion for such a challenge shall be on the party designating the discovery material as Confidential Information or Confidential – Attorneys' Eyes Only Information.

  12. **Designations Not Admissible.**  Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential or a trade secret.

  13. **Disposition of Designated Materials at Conclusion of Litigation.**  Upon termination of this litigation following settlement or final judgment (including exhaustion of all appeals), the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to its counsel, within sixty (60) days.  However,

8

attorneys of record may retain documents filed or lodged with the court in connection with this litigation, attorney and consultant work product, and depositions (with exhibits) for archival purposes.

14. **No Prohibition on Additional Protective Orders**. This Order shall be without prejudice to the right of the Parties to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

15. **Clawback for Inadvertent Production of Privileged Information.** Pursuant to Federal Rule of Evidence 502, if a Party inadvertently produces material that it considers to be protected by the attorney-client privilege, the work product doctrine or any other privileges or doctrines of similar effect, in whole or in part, or learns of the production of such material by a third party, the Parties shall follow Federal Rule of Civil Procedure 26(b)(5)(B).

16. **Designation by Third Parties.** Third parties who produce documents or materials or provide testimony in connection with this action, whether in response to a subpoena or otherwise, may produce such documents or materials and/or testify pursuant to the protections afforded by this Order by complying with paragraph 4 above.

17. **Modification.** Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary.  If such an application is made, all signatories of copies of the Acknowledgment, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

18. **Survival.** The terms of this Protective Order shall survive termination of this litigation.

///

///

///

///

9

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

1

2

3       19.   **No Effect on Existing Court Rules.** Without separate and subsequent Court

4  order, this Protective Order does not change, amend, or circumvent any Court rule or Local

5  Rule.

6

7  Dated:   March 14, 2016

8  _____

9                                             Hon. Douglas F. McCormick
                                               United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## PROTECTIVE ORDER UNDERTAKING

I, _____, hereby acknowledge that any information provided to me is subject to the terms and conditions of the Protective Order in Case No. 8:15-cv-01999-JVS (DFMx) pending in the United States District Court for the Central District of California.

Having been given a copy of the Protective Order, and having read and understood its contents, I hereby expressly agree to be bound by and comply with the terms and provisions thereof.  I further agree that I will not disclose documents or information designed Confidential Information or Confidential – Attorneys' Eyes Only Information except as specifically permitted by the terms of the Protective Order, and that I will use the documents or information solely for the purposes of this litigation in accordance with the Protective Order.  I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the aforesaid Protective Order.


Dated:                                             By: _____


_____

Printed Name

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**